IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **LONNIE DELMAR GADSON,** § | | |
| **TDCJ No. 01992232,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 7:19-cv-00030-M-BP | |
| § | | |
| **LORIE DAVIS, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| § | | |
| Respondent. § | | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This is a habeas corpus case that was referred to the undersigned automatically pursuant to Special Order 3. Before the Court is Plaintiff's motion requesting voluntary dismissal of the case filed on March 27, 2020. ECF No. 11. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiff is entitled to voluntarily dismiss his case without a court order provided that the opposing party has not served an answer or a motion for summary judgment. The right to voluntarily dismiss an action before service of an answer or summary judgment motion is "absolute and unconditional" and may not be "extinguished or circumscribed by adversary or court." *International Driver Training Inc. v. J-BJRD Inc.*, 202 F. App'x 714, 715–16 (5th Cir. 2006) (per curiam) (citations omitted). A notice of voluntary dismissal under this rule is "self-executing," and no further court action is required. *Id.*

Rule 41(a) applies in habeas corpus cases such as this one. *Kramer v. Butler*, 845 F.2d 1291, 1294 (5th Cir. 1988). A review of the record in this case reflects that Defendant filed a response to the petition, but not until thirty days after Petitioner filed his motion to dismiss. *See*

ECF Nos. 13, 11. Because Petitioner's motion to dismiss was filed before the responsive pleading filed by Defendant, Petitioner was entitled to voluntarily dismiss the case without a court order under Rule 41(a)(1)(A)(i). *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010). The undersigned therefore **RECOMMENDS** that Chief Judge Barbara M. G. Lynn direct the Clerk of Court to administratively close this case pursuant to Petitioner's request for dismissal without prejudice.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed June 17, 2020.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE